IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-70,250-02






EX PARTE VINCE ALLEN LYNCH, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. 114-81113-97 IN THE 114TH DISTRICT COURT

FROM SMITH COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault
and sentenced to ten years' imprisonment. He did not appeal his conviction. 

 Applicant contends that he was erroneously released to parole and denied street time. The
trial court concluded that this is a subsequent application for a writ of habeas corpus. We disagree.
Article 11.07, § 4 of the Code of Criminal Procedure is limited to cases in which a "subsequent
application for writ of habeas corpus is filed after final disposition of an initial application
challenging the same conviction." (Emphasis added). In his -01 application, Applicant contended
that he was denied street time. This claim did not "challenge" the conviction by "call[ing] into
question the validity of the prosecution or the judgment of guilt." Ex parte Evans, 964 S.W.2d 643,
647 (Tex. Crim. App. 1998); see also Ex parte Whiteside, 12 S.W.3d 819, 821 (Tex. Crim. App.
2000). Accordingly, Applicant's present claim is not procedurally barred under § 4. Having
concluded that his claim is not procedurally barred, we deny relief. 


Filed: May 5, 2010

Do not publish